IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KY KARNECKI,

Plaintiff,

vs.

CITY OF SISTERS, Oregon; et al.,

Defendant.

Case No. 6:13-cv-02150-TC
**ORDER**

AIKEN, Judge:

On October 25, 2017, Magistrate Judge Coffin filed his Findings and Recommendation ("F&R") (doc. 126), recommending this Court grant defendants' Motions for Summary Judgment (docs. 50, 57) and Motions to Resume Stayed Proceedings (docs. 100, 105, & 108). Judge Coffin also recommended denying plaintiff's Motion for Sanctions (doc. 100). The F&R is now before me pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. I review *de novo* those portions of the F&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

Objections to the F&R were due November 8, 2017. Plaintiff did not file his objections until November 30, 2017, making his objections more than three weeks late. Plaintiff provided

Page 1 – ORDER

no explanation for the delay. Plaintiff filed a motion for a stay November 3, 2017, but the Court never ruled on that motion; in the absence of a stay, plaintiff was bound by the deadlines set by Judge Coffin. When a party fails to timely object to an F&R, the district judge has discretion to find that the right to *de novo* review has been waived. *Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Under such circumstances, review is for "clear error on the face of the record[.]" Fed. R. Civ. P. 72 advisory committee's note (1983) (citing *Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002) (stating that, "[i]n the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of" a federal rule).

Regardless of whether I apply the *de novo* review or the more deferential clear error standard, I find no error in Judge Coffin's reasoning and agree that plaintiff's federal claims are barred by the *Rooker-Feldman* doctrine: plaintiff is improperly seeking review of a final state court determination in a federal district court, which is a court of original—not appellate— jurisdiction. *See Ignacio v. Judges of the U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006). I also agree that, in the alternative, plaintiff's federal claims are barred by the *Younger* abstention doctrine, which prevents federal district courts from intervening in certain ongoing state judicial proceedings. *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092–94 (9th Cir. 2008). Finally, I agree that plaintiff's federal claims are foreclosed in this court by the doctrine of issue preclusion. *See Dodd v. Hood River Cty.*, 136 F.3d 1219, 1225–28 (9th Cir. 1998). As a result, I cannot allow plaintiff's federal claims to proceed in this court. I therefore ADOPT Judge Coffin's F&R (doc. 126) and GRANT defendants' Motions for Summary Judgment (docs.

50 & 57) and Motions to Resume Stayed Proceedings (docs. 104, 105, & 108). I DENY plaintiff's Motion for Sanctions (doc. 100).

IT IS SO ORDERED.

Dated this 2ND day of ~~December 2017~~. January 2018

/s/ Ann Aiken
Ann Aiken
United States District Judge